UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENEE MUZA, et al.,

Plaintiffs,

-v-

PEAK OUTCOMES, LLC, et al.,

Defendants.

CIVIL ACTION NO. 25 Civ. 3262 (JHR) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court held a telephone conference on August 20, 2026 (the "Conference") to discuss the disputes concerning the proposed ESI protocol between Plaintiffs Renee Muza and Sacha Peet (together, "Plaintiffs") and Defendants Peak Outcomes, LLC d/b/a Duet Care at Home, Kyle Budinscak, Lauren Gerndt, and Kayla Noone (the "Peak Defendants," with Plaintiffs, the "Parties"). (See Dkt. No. 94; see Dkt. No. 93-1 (the "Proposed ESI Protocol")).[1] Following the Conference, the Court **ORDERS** the following:

1. By **August 24, 2026**, the Parties shall order a copy of the Conference transcript (the "Transcript") by using the annexed form.
2. With respect to the temporal search period in the Proposed ESI Protocol, (see Dkt. No. 93-1 at 5), the Court **ORDERS** the parties to include the following language:

> For custodial searches concerning Plaintiffs' wage and hour claims, the parties shall apply a temporal period of March 2, 2019 through April 18, 2025,

[1] The parties did not raise any disputes concerning the ESI of Defendant Denise Bauer, whose counsel did not participate in the Conference.

and only search for ESI created during this period. For custodial searches concerning Plaintiffs' individual harassment, discrimination, and retaliation claims, the parties shall apply a temporal period beginning on April 18, 2022 through April 18, 2025, and only search for ESI created during this period.

The parties are not required to log privileged communications from October 25, 2024 through April 18, 2025.

Notwithstanding those temporal limitations, the parties shall search for and produce nonprivileged ESI concerning any act or omission occurring after April 18, 2025 that is specifically alleged in the operative Complaint as an independent basis for liability, or for which the Court otherwise directs the parties to search. In addition, the temporal limitations shall not apply to Plaintiffs' custodial ESI concerning their claimed economic or compensatory damages, including mitigation, subsequent employment, earnings, medical or psychological treatment, and emotional-distress damages.

For the avoidance of doubt, neither exception in the preceding paragraph requires post-April 18, 2025 custodial searches based on the asserted relevance of such ESI to punitive damages or the amount of punitive damages.

The foregoing custodial-search limitations do not govern the production of structured timekeeping and payroll data. Such data shall be produced for the representative employee sample and temporal period agreed upon by the parties or directed by the Court.

3. With respect to the contested search terms set forth in Numbers 19, 20, and 21 of the Proposed ESI Protocol, (see Dkt. No. 93-1 at 13–14):

    a. The following terms are **ADOPTED**:

        i. Number 19: "emotional distress" OR distress OR stress OR stressed OR anxiety OR anxious OR depression OR depressed OR overwhelmed OR humiliation OR humiliated OR trauma OR traumatic.

        ii. Number 20: therapy OR therapist OR counseling OR counsellor OR psychologist OR psychiatrist OR shrink OR mental health OR behavioral health.

        iii. Number 21: medication OR prescription OR antidepressant OR anti-depressant OR anti-anxiety OR anxiolytic OR Prozac OR Lexapro OR Zoloft OR Xanax OR Ativan OR Klonopin.

    b. Plaintiffs' request to add additional terms to Numbers 19–21 is **DENIED**.

    c. Plaintiffs and the Peak Defendants shall run the approved terms set forth above in this paragraph, obtain a hit count, and meet and confer regarding any potentially narrowing resulting from the hit count.

4. The Peak Defendants' request to add the search terms set forth in Numbers 22, 23, 24, 25, and 27 of the Proposed ESI Protocol, (see Dkt. No. 93-1 at 14–16), is **DENIED**. Plaintiffs are not required to run those search terms. The Court refers the Parties to the Transcript for the full discussion on this issue.

5. The Parties shall finalize their ESI Protocol using the instructions set forth in this Order before the next telephone conference. (See ¶ 6, infra).

6. The Court reminds the parties that the next telephone conference in this case to discuss the status of discovery is scheduled for **September 14, 2026 at 12:00 p.m. ET**. (Dkt. No. 90). The parties are directed to call (855) 244-8681; access code: 2308 226 4654, at the scheduled time.
7. The Court further reminds the parties that, by **September 10, 2026 at 5:00 p.m. ET**, they shall file a joint letter setting forth the status of discovery and any issues ripe for the Court's attention. (Dkt. No. 90).

The Clerk of Court is respectfully directed to close Dkt. No. 96.

Dated: New York, New York
August 20, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# Request for the production of a transcript from an electronic recording

Send one request per completed form to:

# etranscripts@nysd.uscourts.gov

Transcripts from an electronic record are generated by a Court Approved Transcriber, NOT the Southern District Court Reporters. The transcript will be delivered to your office and you will be invoiced directly by the transcriber. Submission of this form constitutes an agreement to pay for the transcription services described herein. This form should not be submitted for the purpose of obtaining a price estimate.
**NOTE:** CJA requests require prior approval by submitting an Auth-24 document in the CJA eVoucher System. If granted, the attorney then submits the etranscripts order form (indicate CJA Request). Upon notification from the transcriber, the attorney will create a CJA 24 Voucher in the eVoucher system.

Today's Date: ___________________

| Case Caption | | |
|---|---|---|
| DOCKET NUMBER | DATE OF THE HEARING | JUDGE'S NAME |
| | | |

## INDICATE SERVICE:

(prices listed are per page)

| Daily $7.30 | 3 Day $6.55 | 7 Day $5.85 | 14 Day $5.10 | 30 Day $4.40 |
|---|---|---|---|---|
| ○ | ○ | ○ | ○ | ○ |

| | | |
|---|---|---|
| Your Name | | |
| Firm Name | | |
| Address | | |
| City, State | | Zip Code |
| Telephone Number | | |
| E-mail Address | | |

RESET PRINT SAVE EMAIL